**PAULINE COMPANY, INC., Appellee,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION,**
**Appellant.**

**Rabbit Corporation, Appellee,**

v.

**Iowa Department of Transportation,**
**Appellant.**

**No. 00–0188.**

Supreme Court of Iowa.

Dec. 19, 2001.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellant.

Peter J. Gartelos and Timothy D. Ament of Gartelos, Wagner & Ament, Waterloo, for appellees.

CARTER, Justice.

The Iowa Department of Transportation (IDOT) appeals by permission from the denial of its motion to dismiss two civil rights actions brought under 42 U.S.C. § 1981 by minority-owned construction companies Pauline Company and Rabbit Corporation. The plaintiffs allege that they were subjected to racial discrimination in the course of performing subcontracts on IDOT projects. IDOT's motions to dismiss asserted that 42 U.S.C. § 1981 may not be made the basis for a damage claim against a state entity. It contends that the remedy for state action that does not comply with 42 U.S.C. § 1981 lies exclusively under 42 U.S.C. § 1983. The district court rejected that argument. After reviewing the record and considering the arguments presented, we agree with IDOT's contention and reverse the judgment of the district court.

In *Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), the Supreme Court was asked to determine if 42 U.S.C. § 1981 provided an independent federal cause of action for damages against government entities. The Court concluded Congress intended the explicit remedial provisions of 42 U.S.C. § 1983 to be the exclusive vehicle for damage actions brought against state actors for violations of rights declared in § 1981. *Id.* at 731, 109 S.Ct. at 2721, 105 L.Ed.2d at 624.[1] In seeking to uphold the district court's ruling in the present case, plaintiffs urge that, following the *Jett* decision, a 1991 amendment to 42 U.S.C. § 1981 altered the statute in a manner that now recognizes a cause of action against state actors under that statute.

At the time *Jett* was decided, 42 U.S.C. § 1981 provided:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Subsequently, Congress passed the Civil Rights Act of 1991, which added two subsections to 42 U.S.C. § 1981:

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45, 58 (1989).

---

**1.** A very significant consequence of this conclusion is the related holding of the Court that a state entity is not subject to suit for civil rights violations based on 42 U.S.C. § 1983.

(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

Pub.L. No. 102–166, 105 Stat. 1071, Title 1, § 101 (1991). Only subsection (c) is at issue here.

One federal circuit has agreed with plaintiffs' argument and held that it was the purpose of § 1981(c), as added to the statute in 1991, to treat private actors and state actors similarly with respect to their right to sue. *Fed'n of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1214 (9th Cir.1996). Because private actors were subject to suit under § 1981, the court held that state actors could be similarly sued. Two federal circuits have ruled otherwise, holding that the 1991 amendment to § 1981 did not alter the statute in a manner that affected *Jett's* limitation on liability suits challenging state action. *Butts v. County of Volusia,* 222 F.3d 891, 892 (11th Cir.2000); *Dennis v. County of Fairfax,* 55 F.3d 151, 156 (4th Cir.1995).

We are convinced that the holdings of the eleventh circuit and the fourth circuit have correctly determined that the 1991 amendment to 42 U.S.C. § 1981 did not alter its legal effect with respect to remedies against state actors. The primary basis for our conclusion is to be found in the Supreme Court's discussion in *Jett.* The Court expressly concluded that "Congress has established its own remedial scheme" for § 1981 violations. *Jett,* 491 U.S. at 731–32, 109 S.Ct. at 2721, 105 L.Ed.2d at 624. The Court found this remedial scheme to be that contained in § 1983. *Id.* A separate opinion by a justice who joined in the division of the opinion that relegated state-action violations to suits under § 1983 stated the point more precisely:

To hold that the more general provisions of 42 U.S.C. § 1981 establish a mode of liability for a particular category of offense by municipalities that is excluded from the closely related statute (42 U.S.C. § 1983) which deals more specifically with that precise category of offense would violate the rudimentary principles of construction that the specific governs the general, and that, where text permits, statutes dealing with similar subjects should be interpreted harmoniously.

*Jett,* 491 U.S. at 738–39, 109 S.Ct. at 2724, 105 L.Ed.2d at 629 (Scalia, J., concurring). Nothing in the 1991 amendment speaks of adding a remedy under that statute for claims against state actors. If a departure from existing law of that magnitude had been intended, we believe the Congress would have expressly so stated in the language of the amendment.

The House Committee on the Judiciary explained in its report that the Civil Rights Act of 1991 was enacted in response to a number of Supreme Court decisions limiting the scope and effectiveness of discrimination in employment laws. H.R.Rep. No. 102–40(II), at 1 (1991). The report listed ten Supreme Court decisions, which were overruled by the Civil Rights Act of 1991. *Id.* at 2–4. *Jett* was not among the decisions listed. *Id.* We are satisfied that the 1991 amendment did not alter the legislation in a manner that permits the present action to proceed against this state-entity defendant. The judgment of the district court must be reversed. The case is remanded to that court for an order granting IDOT's motions to dismiss in each action.

**REVERSED AND REMANDED.**